UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARIEL CASPER, an individual; and NATALIE DELUCIA, as natural parent and legal guardian of ALEXANDRIA ICKES, a minor,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CALIFORNIA STATE AUTOMOBILE ASSOCIATION, a California Corporation d/b/a AAA NEVADA INSURANCE COMPANY; DOES I through X, Inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:11-cv-00748-RLH-LRL<br><br>**O R D E R**<br><br>(Motion to Strike–#4) |

　　　　Before the Court is Defendant AAA Norther California, Nevada, and Uta Insurance Exchange, formerly known as California State Automobile Association d/b/a AAA Nevada Insurance Company' **Motion to Strike** (#4, filed May 17, 2011) based on a paragraph of the complaint being immaterial and impertinent to Plaintiffs' allegations. Plaintiffs Ariel Casper, Natalie Delucia, and Alexandria Ickes did not respond.

　　　　If one party files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition

1   to that motion within fourteen (14) days after the service of the motion. Local Rule 7-2(b). The
2   failure of a party to file points and authorities in opposition to any motion constitutes a consent to
3   the Court's grant of the motion. Local Rule 7-2(d).

4         Rule 7-2(d) of the Local Rules of Practice provides that failure to file points and
5   authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v.*
6   *United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). It has been said these local
7   rules, no less than the federal rules or acts of Congress, have the force of law. *United States v.*
8   *Hvass*, 355 U.S. 570, 574–75 (1958); *se also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v.*
9   *Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the
10  dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky.*
11  *v. Miller*, 394 U.S. 100 (1969).

12        Pursuant to the Local Rules of this Court, any response to Defendants' Motion was
13  to be filed and served within 14 days, or by June 3, 2011. Because no response or opposition to
14  the Motion was filed pursuant to the Local Rules, the Court grants Defendants' motion. *Ghazali v.*
15  *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper
16  ground for dismissal). Accordingly, the Court strikes paragraph 5 dealing with Doe and Roe
17  defendants from Plaintiffs' complaint.

18                **CONCLUSION**
19        Accordingly, and for good cause appearing,
20        IT IS HEREBY ORDERED that Defendants' Motion to Strike (#4) is GRANTED
21  and the Doe and Roe defendants are dismissed.
22        Dated: June 22, 2011.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)